UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

Vs.                               :   Crim. No. 3:02CR00097(CFD)

DONALD PERROTTI                   :

ORDER MODIFYING AND CONTINUING SUPERVISED RELEASE

On October 1, 1993, the Southern District of New York sentenced the defendant to one hundred and twenty (120) months' incarceration, followed by eight (8) years' supervised release, subject to standard and special conditions of supervision. On November 21, 2000, the defendant commenced his term of supervised release and, on April 2, 2002, jurisdiction was transferred to the District of Connecticut. On January 26, 2005, this Court granted an unopposed motion to amend the defendant's special conditions of supervised release to include substance abuse counseling, either inpatient or outpatient.

On May 13, 2005, this Court issued a summons and Order to Show Cause why the supervised release term should not be revoked based on allegations by the Probation Officer that the defendant had violated the conditions of supervised release.

On June 1, 2005, the defendant appeared with counsel for a hearing to determine if the supervised release term should be revoked.

It is the finding of the Court that the defendant has engaged in conduct which constitutes violation of the conditions of supervision, specifically in reference to Charge No. 2 of the Petition. However, Charge No. 1 of the Petition is to be deferred for a period of six (6) months from June 1,

2005 as to determine the status of the defendant's compliance at that time. The Court, therefore, determined that the defendant could benefit from continued supervision in the community.

IT IS SO ORDERED that the term of supervised release be continued, and that the defendant be placed on home detention via electronic monitoring for a period of four (4) months from June 1, 2005 and that the special conditions of supervised release be modified to include that the defendant shall participate in a program approved by the Probation Office for inpatient or outpatient mental health treatment and testing. The defendant shall pay all, or a portion of, the costs associated with treatment, based on the defendant's ability to pay as determined by the probation officer.

All other aspects of the original judgment and modifications shall remain in full force and effect.

Signed and dated at Hartford, Connecticut this 10th day of August 2005.

THE HONORABLE CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE